(No. 20821.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH CUTSHAW, Plaintiff in Error.

*Opinion filed June 18, 1931.*

JOSEPH B. LOFTON, and GEORGE O. TIFFANY, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, Joseph Cutshaw, (herein called defendant,) was indicted by the grand jury of Cook county for manslaughter, in an indictment of three counts. The first count of the indictment charges that Cutshaw did on the third day of August, 1929, willfully, unlawfully and feloniously make an assault in and upon the body of Lee Yip Bing, and that Cutshaw then and there unlawfully and recklessly operated an automobile upon the public street and unlawfully, feloniously and willfully did propel and run the said automobile into, upon and over the body of Lee Yip Bing, giving to said Lee Yip Bing divers mortal wounds, from which wounds he did on the same day languish and die. The second count is the same in substance as the first count, except that the word "negligently" is substituted for the word "willfully" where the latter appears in the first count. Count 3 charges that at the time and place aforesaid Joseph Cutshaw did unlawfully, willfully and feloniously make an assault upon the body of Lee Yip Bing, and in some manner and by some violent means, a more particular description of which is unknown to the jurors, did unlawfully, willfully and feloniously give to said Lee Yip Bing certain mortal wounds, from which wounds he on the same day languished and died. The trial resulted in a verdict of guilty, and after defendant's motions for a new trial and in arrest of judgment had been overruled he was sentenced to imprisonment in the penitentiary for a term of from one to fourteen years. He brings the record here for review by writ of error.

The defendant introduced no evidence whatever at the trial and the case was submitted to the jury on the evidence introduced by the People. The evidence shows that on August 3, 1929, defendant was driving an automobile west on Twenty-second street, in the city of Chicago, and at a point a few feet west of the intersection of that street with Wentworth avenue struck a man with his car. The man

was dragged by or carried on the automobile for a short distance and then fell to the street. Defendant did not stop but drove west on Twenty-second street to Canal street and north on Canal street to a place south of Eighteenth street, where he was overtaken by automobiles that pursued him and was placed under arrest. On August 3, 1929, Lee Yip Bing was alive and in good health and his eyesight and hearing were good. On August 4, 1929, he was dead. It was stipulated that Dr. F. D. Gunn, a physician, if present at the trial, would have testified that on August 4, 1929, he made a post-mortem examination of the body of a Chinese man about forty years of age which was identified as that of Lee Yip Bing; that he found a laceration of the scalp on the back of the head, a fracture of the tibia of the right leg, bloody fluid coming from the left ear and dried blood in the right ear, and superficial abrasions of the forehead and face; that in his opinion Lee Yip Bing died as a result of fracture of the skull, shock and injury of the brain from external violence.

There is some confusion in the evidence as to whether defendant was driving on the north or south side of Twenty-second street at the time he struck the man with his automobile. Only one witness noticed defendant's car before it hit the man. According to that witness, Frank Chane, defendant drove his car into Twenty-second street from Wentworth avenue just before the accident. Whether he made a right or left turn at the street intersection does not appear from this witness' testimony. He stated that defendant was driving at a speed of about twenty-five or thirty miles an hour at the time of the collision. Three other witnesses of the occurrence testified as to the speed at which defendant was driving at the time although none of them noticed his automobile before the injury to the man struck. Mike M. Seidman, a taxicab driver, gave it as his opinion the speed of defendant's car was about thirty miles an hour. Delmar Moore, who was driving an automobile east on

Twenty-second street and was about a block west of Wentworth avenue when the accident happened, fixed the speed of defendant's automobile at thirty or thirty-five miles an hour. Maurice Quinn, a police officer, fixed the speed of defendant's automobile at twenty-five miles an hour. This witness arrested defendant shortly thereafter. He stated that at that time defendant was under the influence of liquor. The evidence shows that Twenty-second street at the place in question is one hundred feet wide and has street car tracks on it. There is no showing as to the character of the neighborhood at Wentworth avenue and Twenty-second street. There is no showing as to whether it is a business or a residence district, and there is no showing as to the amount of traffic on those streets at or near the time defendant struck the man with his car. The evidence clearly shows that when defendant struck the man at the intersection of the streets aforesaid he did not stop his car but continued to drive forward, dragging the body of the man he hit twenty-five or thirty feet; that then the body dropped on the street, and defendant drove rapidly away from that spot and looked back toward the body while he was driving away. He was chased by three or four persons, and it clearly appears from the evidence that he tried to escape from his pursuers.

The judgment in this case must be reversed because the evidence fails to show that the man whom defendant ran into with his automobile was Lee Yip Bing, the person named in the indictment as having been killed by defendant. Not a single witness testified that the man struck by defendant's automobile was Lee Yip Bing or even that the man struck was a Chinaman. There is absolutely no showing as to the physical condition of the man struck after the accident or as to whether or not he was taken to a doctor or hospital or got up and walked away. While the evidence shows that Lee Yip Bing was alive and in good health on August 3 and was dead on August 4 as a result of shock

and injury from external violence, there is a total absence of evidence to show that defendant killed him by striking him with his automobile, as charged in the indictment, or that defendant had anything to do with causing the death of deceased. The fact is that the man that was struck in the street by the defendant while driving his automobile was not identified in any way whatever as Lee Yip Bing or as any other individual. The plea of not guilty put in issue all the charges of the indictment, one of which was that defendant struck and killed Lee Yip Bing with his automobile while driving it, as charged in the indictment. *People v. Sikes,* 328 Ill. 64.

In an instruction given for the People the jury were told that the statute provides that no person shall drive an automobile upon any public highway at a speed greater than is reasonable and proper, having regard to the traffic and the use of the way, or so as to endanger the life or limb or injure the property of any person, and that "if the rate of speed of defendant's car passing through the closely built-up business portions of Chicago exceeded fifteen miles an hour or through the residence portion of the city of Chicago exceeded twenty miles an hour, such rate of speed is made by said law *prima facie* evidence that the defendant was running at a rate of speed greater than was reasonable and proper," etc. There was no evidence that the place where defendant ran into the man was in the closely built-up business portion or the residence portion of the city of Chicago, and therefore the part of the instruction quoted above should not have been given. It is erroneous to give an instruction to the jury which is not based upon any evidence in the case even though such instruction states a correct abstract principle of law. *People v. Schultz,* 267 Ill. 147.

For the reasons indicated the judgment of the court is reversed and the cause is remanded for further trial.

*Reversed and remanded.*